UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

---

| | |
|---|---|
| CONWED PLASTICS ACQUISITION COMPANY V, LLC d/b/a FILTREXX | Civil Action No.: 6:22-cv-00196 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| THE JOBE'S COMPANY | |
| Defendant. | |

---

Plaintiff Conwed Plastics Acquisition Company V LLC d/b/a Filtrexx (hereafter "Plaintiff" or "Conwed"), by and through its attorneys, complaining of Defendant The Jobe's Company, (hereafter "Defendant" or "Jobe's"), hereby alleges as follows:

## PARTIES

1. Plaintiff, Conwed is a limited liability company organized under the laws of Delaware with its principal place of business located in Delaware. The sole member of the Conwed LLC is SWM AMS, LLC f/k/a Conwed Plastics LLC which is a is a limited liability company organized under the laws of Delaware with its principal place of business located in Delaware. The sole member of SWM AMS, LLC f/k/a Conwed Plastics LLC, is DelStar Technologies, Inc., which is a Delaware corporation with its principal place of business in Delaware.

2. Defendant, Jobe's is a Texas corporation having principal place of business at 3022 Franklin Avenue, Waco, TX 76710. Jobe's may be served with process through its

registered agent for service of process in Texas, and/or through such other means as are authorized by the applicable statutes and rules of this Court.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because this is a controversy between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Personal jurisdiction over Defendant is proper in this Court because Defendant is a Texas corporation, transacts business in Texas, and has jurisdictional contacts with Texas sufficient to authorize personal jurisdiction over the Defendant in this Court for this action.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is subject to this Court's personal jurisdiction in this Court with respect to this action.

6. Conwed manufactures and sells fiber-based materials and is a leading global provider of engineered solutions and advanced materials.

7. Defendant is a provider of gardening products, equipment, and supplies and sells these products in the Southwest Region of the United States.

8. Conwed and Jobe's entered into a Vendor-Managed Inventory Agreement ("hereinafter referred to as "Inventory Agreement") through which Jobe's agreed to purchase and Conwed agreed to sell equipment, parts and supplies related to Jobe's business needs.

9. The Inventory Agreement was entered into on or about April 30, 2018; and the relevant sales by Conwed to Jobe's were invoiced between June 30, 2020 and September 30, 2020. The invoices are identified as follows:

  a. AR1 21005051 totaling $131,830.91

  b. AR1 21005957 totaling $80,405.00

  c. AR1 21006830 totaling $10,886.43

  d. AR1 21007723 totaling $27,440.00

10. In March 2021, Jobe's acknowledged that the aforementioned invoice amounts were owed to Conwed and Jobe's promised to Conwed that it would pay these amounts to Conwed with weekly payments of $7,500.00 to satisfy their obligation to Conwed. Jobe's issued nine such payments, and an additional $2,000.00 payment in June 2021. These payments totaled $69,500.00. To date, no other payments have been issued making Jobe's total outstanding debt to Conwed in the amount of $181,062.34.

11. Conwed has fully complied with the contract Inventory Agreement and has made proper presentment and notice of payments due from Jobe's, but to no avail.

12. Because of Jobe's failure to pay the subject invoices and Jobe's failure to make good on its acknowledgment of its debt owed to Conwed and its promise to pay same in March 2021, Jobe's is indebted to SWM for $181,062.34.

## CAUSE OF ACTION
### Breach of Contract

13. Conwed incorporates by reference herein the foregoing Paragraphs 1 through 13.

14. Conwed had valid and enforceable contract with Jobe's under which Conwed was to be paid $181,062.34.

15. Jobe's breached the contract by not making payments on the account as required by the contract terms; and this breach has caused Conwed injury.

16. In addition, Jobe's acknowledged in March 2021 that the aforementioned invoice amounts were owed to Conwed; and Jobe's promised to Conwed that it would pay these amounts to Conwed with weekly payments to satisfy their admitted obligation to Conwed .

17. Jobe's breached the contract by not making payments for the amounts that Jobe's admitted and acknowledged in March 2021 were owed to Conwed, and that Jobe's promised in March 2021 that it would pay to Conwed.

18. Based on the foregoing, Conwed is entitled to recover the full cost of the outstanding invoices totaling $181,062.34 in addition to litigation costs (including without limitation reasonable attorney fees) incurred in connection with the pursuit of these claims.

**WHEREFORE,** Plaintiff Conwed respectfully requests that Jobe's be cited to appear and that Conwed recover from Jobe's the above-described amounts including pre-judgment and post-judgment interest as provided by law; attorney fees and legal expenses, punitive or exemplary damages as may be authorized by law, and such other and further relief as may be appropriate.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Respectfully Submitted,

  /s/   Michael D. Fisse
Michael D. Fisse (TX Bar No. 07070550)
Patrick B. Fisse  (LA Bar No. 36457) (Pending Pro Hac Vice Admission)
DAIGLE FISSE & KESSINICH, PLC
227 Highway 21
Madisonville, Louisiana 70447
Telephone: (985) 871-0800
Facsimile: (985) 792-8204
E-mail: mfisse@daiglefisse.com
            pfisse@daiglefisse.com
*Attorneys for Plaintiff,*
*Conwed Plastics Acquisition Company V LLC d/b/a Filtrexx*

SERVICE TO:
The Jobe's Company
3022 Franklin Avenue
Waco, TX 76710

5